THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN E. CORTÉS, Defendant and Appellant.

Nos. 13147, 13148, and 13149. Argued November 1, 1948. Decided November 9, 1948.

*Benicio Sánchez Castaño, Buenaventura Esteves,* and *Juan Figueroa Rosario,* for appellant. *Luis Negrón Fernández, Attorney General, (José C. Aponte* as *Acting Attorney General* on the brief), and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Juan E. Cortés, together with seven other persons, was prosecuted on three charges of murder for the killing of Martín Santiago Ramírez, Nicolás Santana, and Efraín Sosa Almeyda, on a charge of assault to commit murder for wounds inflicted upon Pablo Carrero García, and on a charge of carrying a weapon. The other defendants were acquitted of the felony charges. The appeals taken by Cortés from the judgments rendered by the District Court of Aguadilla in the prosecutions against him for the killing of Sosa Almeyda and for the wounds received by Carrero García, in which the jury brought in verdicts of manslaughter and of assault to commit manslaughter, respectively, are now before us.

The appellant first contends that the lower court erred in denying his motion for a bill of particulars. The granting of a motion for a bill of particulars always rests within the sound discretion of the lower court and the action of the latter will not be reversed unless real prejudice has been caused to the defendant. *People* v. *Marrero*, 48 P.R.R. 875; *People* v. *Pacheco*, 33 P.R.R. 217. In the present case the defendant requested a bill of particulars, which was granted, and the district attorney then amended the informations to conform them to the same. The defendant requested a new bill of particulars respecting the amended informations, and his application was denied by the court. The record does not contain either the original bill of particulars furnished or the new particulars requested. Under these circumstances, the appellant has not placed us in a position to dispose of the error assigned, and therefore the same should be dismissed. *People* v. *Ríos*, 67 P.R.R. 325, and *People* v. *Otero*, 67 P.R.R. 376. Cf. *People* v. *Ramírez*, 50 P.R.R. 224.

The defendant also urges that the district court erred in overruling his motion for nonsuit in the prosecution against him for the killing of Nicolás Quintana. The appeal herein relates to the killing of policeman Sosa Almeyda, and therefore an error supposedly committed in another case cannot be considered in the present case. *People* v. *Martínez*, 67 P.R.R. 804.

In charging the jury the judge stated "that there is an additional instruction requested by the defendant, which the court considers improper, and which should not be given to the jury. That is why the court does not give such instruction; but for the purpose of the record it shall direct the stenographer to transcribe it . . ." That statement of the lower court has been assigned as error. According to § 266 of the Code of Criminal Procedure ". . . Either party may present to the court any written charge, and request that it be given. If the court thinks it correct and pertinent, it must be given; if not, it must be refused. Upon each

charge presented and given or refused, the court must indorse and sign its decision . . ." Although, under this Section, it is not necessary to inform the jury that an instruction has been denied, the lower court, in conveying that information in the manner it did in this case, did not prejudice in any way whatsoever the rights of the defendant.

■ The refusal of the court to give instructions on self-defense is also assigned as error. The setting up of the plea of self-defense presupposes an admission that the defendant did the killing. In other words, the defendant must first admit that he was the author of the killing so that he may afterwards set up that he acted in self-defense. In this case he did not admit having killed any person. The evidence introduced by him, such as appears from the testimony of the witnesses Felino Cortés Rodríguez, Aurelio Robles Miranda, Herminio Quintana, Eloy Esteves Beauchamps, and from the testimony of the defendant himself, tended to show that Cortés at no time fired any shot whatsoever. If, according to his own evidence, the defendant did not shoot anybody, we fail to see that there was any necessity for giving instructions on self-defense.

■ It is also urged that the verdict of the jury is against the weight of the evidence. In innumerable occasions we have held that, in cases tried before a jury, it is incumbent on the latter to weigh the evidence, and that we will not disturb its verdict unless we are convinced that in rendering it the jury committed manifest error or acted under the influence of passion, prejudice, or partiality. *People* v. *Rivera*, 67 P.R.R. 179; *People* v. *Carmona*, 67 P.R.R. 266; and *People* v. *Muñoz*, 68 P.R.R. 159, 169. A careful reading of the transcript of the evidence has failed to convince us that the error assigned has been committed. *People* v. *Alvarado*, 55 P.R.R. 24.

■ At the close of the evidence for the prosecution, the defendants presented motions for nonsuit in the three cases of murder as well as in the case of assault to commit murder.

In the absence of the jury from the courtroom, the court granted the motions as to all the defendants, except the ones filed in favor of the appellant herein in connection with the killing of Sosa Almeyda and Quintana and the wounds received by Carrero García.   However, when the jury returned to the courtroom, the court made the following statements:

"Gentlemen of the Jury: Before proceeding further with this case I want to state that by virtue of a motion raising a question of law, the Court has decided that this prosecution, which was filed by the district attorney for murder based on a conspiracy of these eight defendants, the Court, I repeat, has decided that there was no such conspiracy; that the evidence for conspiracy was weak and that the connection, that is, the mutual agreement between these eight defendants to commit the crime of murder, could not be established beyond a reasonable doubt, in view of which it was ordered that the prosecution should be proceeded with on the basis of direct evidence, and thus we will hear this case further.   Also, on motion of the defense, and after the district attorney properly argued it, the court considered that seven of the eight defendants who were charged with the killing of *Nicolás Quintana Cruz*, upon the question raised by the defense having been sustained, should be acquitted, that is, *all of them except Juan E. Cortés*.   Proceeding with the case on the basis of .direct evidence *the court considers that evidence has been introduced incriminating Juan E. Cortés* and exonerating the other seven defendants; *therefore, it directs the jury to bring a verdict of not guilty as to seven of these defendants, and that the prosecution against Juan E. Cortés for the killing of Nicolás Quintana Cruz be proceeded with.   The Court also considers that in connection with the killing of Efraín Sosa Almeyda up to now there is evidence which exclusively incriminates Juan E. Cortés and relieves the remaining defendants from all responsibility.*   Consequently, it directs the jury to render a verdict of not guilty as to the defendants Andrés Cortés, Felino Cortés, Rogelio Cubero Villa, Felipe Seguinot Santiago, Francisco Vives Orfila, Pedro Ríos Traverso, and Gregorio Cruz López, *and that the prosecution against Juan E. Cortés be proceeded with.*   In the case of murder instituted against these eight defendants for the killing of *Martín Santiago Ramírez,* the evidence of the People has closed,

and *up to this time there is no evidence which connects any of these defendants with the death of Martín Santiago Ramírez.* There is a total lack of proof against these defendants, for which reason *the court orders the jury to bring a verdict of not guilty as to the defendants including Juan E. Cortés. In the case of assault to commit murder* prosecuted against these defendants for *shots fired at policeman Pablo Carrero García, the court instructs you also to bring a verdict of not guilty as to all the defendants with the exception of Juan E. Cortés, against whom there is evidence and whose prosecution will be proceeded with before you.* The Court appoints Mr. José Rubianes Rosa foreman of the Jury. The clerk will fill out the models of verdicts to be rendered by the jury. In order that you may have a clear idea regarding the decision of the court on the motions filed by the defense, *the court desires to state the following: We are going to hear further three prosecutions before the jury—one against Juan E. Cortés for murder for the killing of Nicolás Quintana, another one for murder against Juan E. Cortés for the killing of policeman Efraín Sosa Almeyda, and still another one against Juan E. Cortés for assault to commit murder on the person of Pablo Carrero García.* So that we will continue hearing *only three cases against a sole defendant, against Juan E. Cortés.* Of course, the remaining defendants, except Felipe Seguinot Santiago, will be prosecuted on the charges of carrying weapons." (Italics ours.)

The foregoing statements have given rise to the third assignment of error. Said error is also nonexistent. In making those statements, it was not the intention of the court to express its views regarding the manner in which it had weighed the evidence. It merely informed the jury why the prosecution, which had been originally brought against eight persons, would be proceeded with against one defendant only. On the other hand, the defendant kept absolutely silent at all times when such statements were made. And "... We have held that a defendant should not keep silent when at the trial an irregularity takes place which he considers prejudicial to his rights and wait until the end of the trial and if convicted, assign on appeal, such irregularity as error."

*People* v. *Márquez*, 67 P.R.R. 303, 313; and *People* v. *Emmanuelli*, 67 P.R.R. 626.

Since none of the errors assigned has been committed, the judgment appealed from should be affirmed.